J-S11011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KIMBERLY A. STRUBLE | : | |
| Appellant | : | No. 513 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Cambria County
Criminal Division at No:  CP-11-CR-0001294-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KIMBERLY A. STRUBLE | : | |
| Appellant | : | No. 791 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Cambria County
Criminal Division at No:  CP-11-CR-0001309-2023

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED: July 30, 2026**

Appellant, Kimberly A. Struble, appeals from the April 16, 2025 judgments of sentence imposing  an aggregate 180 days of county probation for harassment (18 Pa.C.S.A. § 2709(a)(3)) and defiant trespass (18 Pa.C.S.A. § 3503(b)(1)(i)).  We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

These cases stem from next-door disputes in Southmont Borough, Cambria County. [Appellant] resides at 219 Leon Street in Southmont Borough, and the victims in this matter, Carolyn Anne Herdman-Fisher (hereinafter "Fisher") and Fisher's mother Barbara Anne Herdman (hereinafter "Hedman"),[2] reside at the property immediately next door at 217 Leon Street.

> [2] Herdman was alive at the time when the underlying facts occurred, but has since passed away.

[Appellant] and Fisher (and Herdman) have had an ongoing dispute over their shared property line, with Fisher and Herdman alleging that [Appellant] continuously trespassed onto their property. Because of this ongoing dispute between the parties, Fisher and Herlman had their property surveyed, hired attorneys to send letters to [Appellant] dated December 22, 2020, and September 3, 2021, notifying [Appellant] that she should cease harassing Fisher and Herdman or their guests, including trespassing (including Fisher) onto their property. Fisher also testified that multiple surveillance cameras were installed around her property to capture [Appellant's] unwanted behaviors.

On July 18, 2023, a series of events occurred between [Appellant] and Fisher. The first event was captured on video and audio, establishing that [Appellant] did drive past Fisher's home at a slow rate of speed and stopping her vehicle in front of Fisher's home and yelling at Fisher as she mowed the front lawn. The audio in the video is hard to make out, but the court did hear [Appellant] yell at the end of the communication, "fat ass." Thereafter, [Appellant] drives slowly a short distance and stops again and yells at Fisher. Fisher claims [Appellant] yelled, "I'll shoot you in that fat ass" when driving by Fisher. The court finds Fisher's testimony credible regarding what was said by [Appellant].

Later that same day, [Appellant] placed a dancing wind inflatable in her yard near the property line that was in the view of Fisher's surveillance cameras. At her summary trial, [Appellant] claimed she erected the inflatable for privacy reasons; i.e. to drown out beeping from the surveillance cameras and to prevent her conversations with her son from being overheard.

- 2 -

However, on cross-examination, [Appellant] was presented with transcripts of prior testimony by the Commonwealth, in which she admitted she erected the dancing wind inflatable to annoy Fisher. [Appellant] was aware that Fisher's surveillance cameras became activated based on movement and, therefore, [Appellant] knew the movement from the dancing inflatable would cause Fisher's security cameras to activate. This movement of the dancing inflatable would also cause Fisher to receive constant notifications on her cell phone that her security cameras were being activated.

Lastly, on the same evening of July 18, 2023, at approximately 9:00 p.m. at night, Fisher's surveillance cameras caught [Appellant] trespassing onto Fisher's property. The video surveillance shows: (1) [Appellant] walking onto Fisher's property and then returning to her property; (2) [Appellant] quickly returns to the Fisher property and addresses the surveillance camera by raising her middle finger to the camera; and (3) [Appellant] returns to her own property. These actions [all on July 18, 2023] led to [Appellant] being charged with harassment and defiant trespass at case no. 1294-2023.

On August 5, 2023, [Appellant] is observed verbally engaging with the surveillance camera on Fisher's property. [Appellant] is observed walking onto the Fisher property and commenting to the camera, "let's beep…."[1] These actions led to [Appellant] being charged with defiant trespass in case no. 1309-2023.

Trial Court Opinion, 5/13/25, at 2-4 (record citations and some footnotes omitted).

This matter proceeded to a two-day non-jury trial on April 15 and 16, 2025. At Cambria County docket number 1294 of 2023 (presently before us at number 513 WDA 2025), the trial court found Appellant guilty of harassment and defiant trespass and sentenced her to concurrent terms of 90

---

[1] The record reveals that Appellant said "just beep" rather than "let's beep." N.T. Trial, 4/15/25, at 104. The distinction between the two is not pertinent to the outcome of this appeal.

days of county probation plus costs and fines. At Cambria County docket number 1309 of 2023 (presently before us at docket number 791 WDA 2025), the trial court found Appellant guilty of defiant trespass and sentenced her to 90 days of county probation to run consecutively to her sentence at number 1294, plus costs and fines. This timely appeal followed.

Appellant states the questions involved as follows:

1) Whether the verdict is supported by the evidence given the Appellant needed to walk around a Hosta bush which caused her to break the close of the victim's property in order to attend [to] and care for a portion of the Appellant's property?

2) Does [Appellant's] act of flipping the 'bird' at the victim's camera or uttering 'just beep,' take this case from a *de minimus* intrusion onto the victim's property to a summary offense?

3) Did the court err in determining that this was not a *de minimus* intrusion onto the victim's property given the necessity of the [Appellant] to walk around a Hosta plant in order to attend to and care for a portion of the [Appellant's] property?

4) Whether the sentence of 180 days of probation was excessive given the intrusion into the victim's property was minimal?

Appellant's Brief at 5.

Appellant challenges the sufficiency of the evidence in support of her convictions. We analyze her arguments as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt

- 4 -

may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Robinson*, 348 A.3d 291, 297 (Pa. Super. 2025), *appeal denied*, 2026 Pa. LEXIS 690 (Pa. 2026).

Appellant addresses her first three questions presented in a single argument in the body of her brief.[2] Appellant argues that one of her intrusions onto the victims' property was momentary and necessary for Appellant to access and maintain a portion of her own property. She also argues that her "flipping the bird" and saying "just beep" to the victim's security cameras amounted to no more than a *de minimus* intrusion onto the victims' property.[3] In support of her argument, Appellant cites § 312 of the Pennsylvania Crimes Code:

> (a) General rule. — The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

---

[2] We observe that our Rules of Appellate Procedure require that the argument section of a brief be divided into one section per question presented. Pa.R.A.P. 2119(a).

[3] Appellant notified the court of her de minimis defense at the beginning of trial. N.T. Trial, 4/15/25, at 5, 7.

- 5 -

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a). "[T]he purpose of §312(a)(2) is 'to remove petty infractions from the reach of the criminal law.'" **Commonwealth v. Cravener**, 344 A.3d 370, 376 (Pa. Super. 2025), *appeal denied*, 2026 Pa. LEXIS 796 (Pa. 2026). In other words, "[a]n offense alleged to be *de minimus* in nature should not be dismissed where either harm to the victim or society in fact occurs." **Commonwealth v. Lutes**, 739 A.2d 949, 963 (Pa. Super. 2002). When the trial court refuses a request to dismiss a prosecution under § 312, we review the court's decision for an abuse of discretion. **Cravener**, 344 A.3d at 376.

Per Appellant's argument, "[t]he Commonwealth's [] proof of the element of harm rests upon the Appellant raising her middle finger to a camera located on the [victims'] property on one date and then uttering just beep on another day." Appellant's Brief at 8. Appellant argues that neither of these incidents supported a conviction for defiant trespass (she does not develop an argument against her harassment conviction).

- 6 -

Appellant was convicted under § 3503(b)(1)(i).

**§ 3503.  Criminal trespass**

[***]

**(b) Defiant trespasser.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor;

18 Pa.C.S. § 3503(b)(1)(i).

Defiant trespass, under § 3503(b)(1)(i) "requires an intentional *mens rea*[.]" ***Commonwealth v. Powanda***, 304 A.3d 1284, 1289 (Pa. Super. 2023).  To establish the crime, "the Commonwealth must prove that a defendant (1) entered or remained upon property without a right to do; (2) while knowing that he had no license or privilege to be on the property; and (3) after receiving direct or indirect notice against trespass." ***Id.*** at 1288 (quoting ***Commonwealth v. Bradley***, 232 A.3d 747, 758 (Pa. Super. 2020)). "The purpose of the criminal trespass statute is to prevent unlawful intrusion onto real property or remainder thereon or to prevent unlawful breaches of the peace relating to realty." ***Id.*** (quoting ***Commonwealth v. White***, 492 A.2d 32, 36 (Pa. Super. 1985)).

The middle finger incident took place on July 18, 2023, and though it was not the only incident that day, it was the only incident in which Appellant crossed onto the victims' side of their shared property line.  Appellant does

not dispute that she was on actual notice of her lack of license or privilege. As part of a long-running feud between Appellant and her neighbors, the victims' lawyer sent letters to Appellant demanding that she stop trespassing on their property and harassing them. This after having a survey prepared to ensure that both parties knew where the boundaries were. And, assuming *arguendo* that Appellant cannot access her own portion of the narrow strip of property between her house and the victims' without momentarily stepping across the line to step around a Hosta plant, she did more than that in this case. She gave the victims' security cameras the middle finger as she transgressed the boundary of their property.

In the August 5, 2023 incident, Appellant walked onto the victims' property, looked at the victims' surveillance cameras, and said, "just beep." Appellant explains in her brief that she was annoyed by the beeping sounds that the victims' security cameras made. Appellant's Brief at 6. The record reflects that the cameras beeped in order to give notice that they were capable of recording audio as well as video. N.T. Trial, 5/15/25, at 34. In this case, as with the July 18, 2023 incident, Appellant intentionally entered the victims' property knowing that she was trespassing, and she engaged with the victims' security cameras.

Appellant does not dispute that her actions meet the definition of defiant trespass set forth in § 3503(b)(1)(i). The statute requires only an intentional entry; the statute does not require that the trespasser remain for any length

of time, only that the trespasser enter knowing that she is trespassing, or remain after being notified of the trespass. Appellant does not argue otherwise.

Appellant supports her argument only with the ***Powanda*** Court's statement that the purpose of the defiant trespass statute is to prevent unlawful breaches of the peace relating to realty. ***Powanda***, 304 A.3d at 1289. This statement from the ***Powanda*** Court does not support Appellant's argument because an unlawful breach of the peace related to real property is precisely what occurred in this case. Moreover, Appellant fails to explain which subsection or subsections of § 312 support her argument that her clear violation of § 3503 should be regarded as *de minimis*. We observe, with regard to § 312(a)(2), that the record establishes that Appellant committed precisely the harm or evil sought to be prevented by the defiant trespass statute. For the foregoing reasons, we discern no abuse of discretion in the trial court's refusal to dismiss these prosecutions under § 312.

In her second argument, Appellant challenges her sentence as harsh. She admittedly did not preserve this issue before the trial court, but she argues that the issue preservation rules common to most challenges to the discretionary aspects of a sentence do not apply to sentences imposed for summary offenses. In particular, she argues that no post-sentence motion is required to preserve a challenge to a sentence imposed for a summary offense. While Appellant cites no law in support of any aspect of her second

argument, we acknowledge that Pa.R.Crim.P. 720(D) prohibits post-sentence motions for summary offenses. Pa.R.Crim.P. 720(D). Several unpublished memoranda from this Court have concluded that that defendants in summary cases must preserve challenges to the discretionary aspects of a sentence by oral objection at the time of sentencing. *See Commonwealth v. Lehmanm*, 336 A.3d 994 (Pa. Super. 2025) (unpublished); *Commonwealth v. Giordano*, 264 A.3d 402 (Pa. Super. 2021) (unpublished). Appellant did not lodge oral objections to the trial court's sentence in this case.

Regardless of issue preservation before the trial court, Appellant's brief to this Court is fatally defective. As noted just above, Appellant's brief cites no law in support of her argument that her sentence was excessive. The Pennsylvania Rules of Appellate Procedure require citation to pertinent authority in support of an argument. Pa.R.A.P. 2119(b). Failure to adhere to this rule results in waiver. *J.J. DeLuca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 411 (Pa. Super. 2012).

Because Appellant's first argument lacks merit and her second argument is waived, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/30/2026